IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EXPRESS SERVICES, INC., ) | |
| ) | |
| Plaintiff ) | |
| v. ) | Case No. CIV-06-820-C |
| ) | |
| RUSSELL W. AVERETTE, ) | |
| ) | |
| Defendant ) | |

## MEMORANDUM OPINION AND ORDER

The facts of this action are set out in the Court's Memorandum Opinion resolving Defendant's Motion for Summary Judgment and there is no need to repeat them here.  Plaintiff filed the present motion arguing the non-compete portions of the franchise agreement are valid and enforceable and seeking a determination that Defendant violated the terms.

For the reasons and to the extent set forth in the Court's Memorandum Opinion resolving Defendant's Motion for Summary Judgment, the Court finds the non-compete provisions of the franchise agreement are enforceable as modified.

Plaintiff also seeks a determination that Defendant breached the terms of the non-compete provisions by doing the following, while the franchise agreement was still in force:  planning a new business; entering into an agreement to sell his accounts receivable; obtaining a working capital loan; obtaining workers' compensation insurance; and copying Plaintiff's forms for use in his business.  Plaintiff also complains that Defendant used his employees to perform these acts which would have violated the non-compete agreements they were supposed to sign.[1]  Plaintiff

---

[1] In its Reply brief, Plaintiff notes that Defendant has testified he did not make his employees sign the non-compete agreements.  Plaintiff argues this act is another example of Defendant's breach of the franchise agreement.

also complains that after the agreement was terminated, Defendant engaged in the following actions: doing business with Plaintiff's customers; admitting to diverting Plaintiff's customers to his business; diverting associates to his business; making false statements to customers regarding the name change; using job applicant information provided to Plaintiff to employ associates under his new business; using customer information; using the same office; and using the same telephone number.

Initially, the Court notes that although this matter will be tried to the Court and not a jury, the present issues are raised within the context of a Fed. R. Civ. P. 56 motion. Thus, to the extent there are factual questions, the Court cannot resolve the dispute at this stage. See Med. Inst. of Minn. v. Nat'l Ass'n of Trade & Technical Sch., 817 F.2d 1310, 1315 (8th Cir. 1987) ("A judge does not sit as a trier of fact when deciding a motion for summary judgment even if the case is scheduled to be heard without a jury."); cf. Fed. R. Civ. P. 52 (permitting Court to make findings of fact).

In resolving Defendant's Motion for Summary Judgment, the Court found that Section X.A.1. of the franchise agreement was valid as written and that Section X.A.3. could be modified to be permissible under Oklahoma law. Considering the allegations against Defendant in light of those rulings, the Court finds as follows. Defendant's acts of planning a new business; entering into an agreement to sell his accounts receivable of the new business; obtaining a working capital loan; obtaining workers' compensation insurance; and copying Plaintiff's forms for use in his business, while not a direct breach of Section X.A.1, certainly provide evidence demonstrating Defendant's intent to start a competing a business. However, the actual start-up

of such a business, during the time period the agreement was in force, is clearly a violation of Section X.A.1. Defendant admits that he began operating PeopleLink, a competing temporary staffing and employment agency on June 1, 2006. Because the franchise agreement was not terminated until August 1, 2006, Defendant breached Section X.A.1. of the franchise agreement and Plaintiff is entitled to judgment on this issue.

Plaintiff also complains of Defendant's actions after he began operating PeopleLink. Resolution of this issue is not quite as clear. As noted in the Court's contemporaneous Order, under Oklahoma law, the non-compete clause can restrict Defendant from directly soliciting former customers and/or associates of Plaintiff. However, the materials before the Court are unclear as to how the former customers and/or associates of Plaintiff began doing business with Defendant. Thus, it cannot be determined on the record before the Court that Plaintiff is entitled to judgment. Accordingly, Plaintiff's Motion will be denied on this issue.

As for making false statements to customers regarding the name change and using Plaintiff's forms, the Court finds questions of fact remain. As noted by Defendant, there is insufficient evidence on the issue of false statements to customers to entitle Plaintiff to judgment. Likewise, without a more specific example to establish to the contrary, the evidentiary material before the Court establishes that there is significant similarity among the forms used by the various businesses similar to Plaintiff and PeopleLink. Thus, it cannot be said that Defendant copied Plaintiff's forms.

Plaintiff has failed to identify any portion of the agreement that would prohibit Defendant from using the office building he owned to operate PeopleLink.[2]  Likewise, Plaintiff has not established that using the same telephone number was a breach of the agreement.  <u>United States v. Rodriguez-Aguirre</u>, 108 F.3d 1228, 1238, n. 8 (10th Cir. 1997) ("In the absence of essential references to the record in a party's brief, the court will not 'sift through' the record to find support for the claimant's arguments.") (<u>citing</u> <u>SEC v. Thomas</u>, 965 F.2d 825, 827 (10th Cir. 1992)).

As set forth herein, Plaintiff has established that Defendant violated Section X.A.1. of the franchise agreement by operating PeopleLink during the term of the franchise agreement.  Accordingly, Plaintiff is entitled to judgment on this claim.  As for the remainder of Plaintiff's claims, it has failed to demonstrate an absence of material facts.  Accordingly, Plaintiff's Motion for Partial Summary Judgment on Defendant's Liability for Breach of Section X.A.3. of the Franchise Agreement (Dkt. No. 74) is GRANTED in part and DENIED in part.  A separate judgment will issue at the close of these proceedings.

IT IS SO ORDERED this 29th day of June, 2007.

_____
ROBIN J. CAUTHRON
United States District Judge

---

[2] Certainly Section X.A.3. as modified would restrict how Defendant operated that business regardless of where it was located.